1  **WEILAND GOLDEN GOODRICH LLP**
   Reem J. Bello, State Bar No. 198840
2  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
3  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone   714-966-1000
5  Facsimile   714-966-1002

6  Attorneys for Chapter 7 Trustee
   Jeffrey I. Golden
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11  In re                                    Case No. 8:18-bk-13588-SC

12  TIM M. MCKENNA,                          Chapter 7

13         Debtor.                           **APPLICATION OF THE CHAPTER 7
                                             TRUSTEE FOR AUTHORIZATION TO:**
14                                           **(1) EMPLOY REAL ESTATE BROKER
                                             (COLDWELL BANKER RESIDENTIAL
15                                           BROKERAGE) AND AGENT CLARENCE
                                             YOSHIKANE PURSUANT TO 11 U.S.C.
16                                           §§ 327 AND 328; AND (2) ALLOW AGENT
                                             AN ADMINISTRATIVE CLAIM FOR OUT-
17                                           OF-POCKET EXPENSES;
                                             DECLARATIONS OF JEFFREY I. GOLDEN
18                                           AND CLARENCE YOSHIKANE IN
                                             SUPPORT**
19
                                             **[1059 S. Summer Breeze Lane, Anaheim,
20                                           California 92808]**

21                                           [No Hearing Required Pursuant to Local
                                              Bankruptcy Rule 2014-1(b)(1)]
22

23  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

24  **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR AND DEBTOR'S**

25  **COUNSEL OF RECORD, IF ANY; AND ALL PARTIES ENTITLED TO NOTICE:**

26         Jeffrey I. Golden, the chapter 7 trustee (the "Trustee") for the bankruptcy estate

27  (the "Estate") of debtor Tim M. McKenna (the "Debtor"), files this *Application of the*

28  *Chapter 7 Trustee for Authorization to: (1) Employ Real Estate Broker (Coldwell Banker*

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  *Residential Brokerage) and Agent Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and*

2  *328; and (2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses* (the

3  "Application").  In support of the Application, the Trustee submits the attached declarations

4  of Jeffrey I. Golden (the "Golden Declaration") and Clarence Yoshikane (the "Yoshikane

5  Declaration").

6

7  **I.**    **STATEMENT OF FACTS**

8  Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on

9  September 27, 2018 (the "Petition Date") in the United States Bankruptcy Court, Central

10  District of California, Case No. 8:18-bk-13588-SC. *See* Docket No. 1.[1]  On the same day,

11  the Trustee was appointed chapter 7 trustee.  *See* Docket No. 2.  Debtor filed his

12  schedules of assets and liabilities on October 26, 2018. *See* Docket No. 21.

13  Debtor scheduled his interest in the real property located at 1059 S. Summer

14  Breeze Lane, Anaheim, California (the "Property"), and $1,640,520 in liens against the

15  Property.  *Id.*  One of the creditors with a lien on the Property is also holding $390,000.00

16  in escrow that may be used to offset its lien against the Property. Based on such

17  information, the Trustee believes there may be equity in the Property.  *See* Golden

18  Declaration.

19

20  **II.**    **PROPOSED EMPLOYMENT OF BROKER AND AGENT**

21  The Trustee has solicited the assistance of Clarence Yoshikane (the "Agent") of

22  Coldwell Banker Residential Brokerage, a licensed California real estate broker (the

23  "Broker"), in determining the value of the Property.  The Agent has inspected the Property

24  and has advised the Trustee that in order to enhance marketability, appliances will need

25  to be reinstalled and the Property will need to be cleaned (together, the "Improvements")

26

27  _____

28  [1] The Trustee requests the Court take judicial notice of its docket, the date of filing of pleadings on its docket and admissions of Debtor in his schedules and related documents.

1  before the Property can be photographed and shown.  Due to the lack of funds in the

2  Estate, the Agent is willing to undertake and advance the cost of the Improvements, up to

3  $5,000.  The Agent has advised the Trustee that the market value of the Property will be

4  approximately $1,299,000 after the Improvements have been made.  *See* Yoshikane

5  Declaration.  The Agent's profile is attached as Exhibit "2."

6          To facilitate the sale of the Estate's interest in the Property, the Trustee seeks to

7  employ an experienced and reputable real estate broker and proposes to employ the

8  Broker and the Agent pursuant to 11 U.S.C. §§ 327(a) and 328.  The Agent has agreed to

9  advertise the Property, to market and show the Property, to represent the Estate in

10 connection with the sale of the Property, and to advise the Trustee with respect to

11 obtaining the best offer for the Property.

12          The terms of the Broker's employment agreed to by the Trustee, subject to

13 approval of the Court, as set forth in the Exclusive Authorization and Right to Sell, the

14 Addendum to Exclusive Authorization and Right to Sell, and the Disclosure Regarding

15 Real Estate Agency Relationships (together, the "Listing Agreement"), a copy of which is

16 attached as Exhibit "1," are as follows:

17          1.      The Broker will have an exclusive listing on the Property.  The listing

18          price for the Property will be $1,299,900.  The Listing Agreement, including the

19          listing price, may be modified by the Trustee in his discretion.  The listing and sale

20          of the Property is subject to Bankruptcy Court approval.  Any sale of the Property

21          will be "as is," without any representations, guarantees or warranties of any kind,

22          whether expressed or implied, by the Trustee.  Upon the presentation of an

23          acceptable purchase offer for the Property, the Trustee will file a motion seeking

24          court authority to sell the property and pay the total broker's commission of five

25          percent (5%) from the sale proceeds through escrow.  The Trustee's motion will

26          contain an overbid procedure.

27          2.      The Trustee shall have the right to sell the Property to anyone who,

28          prior to the date of entering into the Listing Agreement, has expressed an interest

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  in purchasing the Property, and the Broker shall not be entitled to a commission on

2  such a sale.

3      3.    The Agent is informed and understands that no sale may be

4  consummated until after notice and a hearing.  Further, the Agent is aware of the

5  provisions of 11 U.S.C. § 328(a) and understands and accepts that,

6  notwithstanding the terms and conditions of employment and compensation

7  provided in the Listing Agreement, the Court may allow compensation different

8  from the compensation provided under such terms and conditions after the

9  conclusion of such employment, if such terms and conditions prove to have been

10  improvident in light of developments not capable of being anticipated at the time of

11  the fixing of such terms and conditions.

12

13  **III.    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

14      Pursuant to 11 U.S.C. § 327(a), a trustee may employ attorneys and other

15  professional persons who do not hold or represent an interest adverse to the estate, and

16  who are disinterested persons, to represent or assist the trustee in carrying out the

17  trustee's duties.

18      The Trustee employs the Agent in other unrelated cases.

19      Except as provided above, to the best of the Trustee's knowledge, and based upon

20  the attached Declaration of Clarence Yoshikane, the Broker and the Agent:

21      1.    have no connection with Debtor, Debtor's principals, insiders,

22  creditors, the Trustee, or any other party in interest, or their respective attorneys

23  and accountants, or any person employed in the Office of the United States

24  Trustee;

25      2.    are not creditors, equity security holders or insiders of Debtor;

26      3.    are not investment bankers for any outstanding security of Debtor;

27      4.    have not been, within three years prior to the date of the filing of the

28  petitions, investment bankers for a security of Debtor, or attorneys for such an

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  investment banker in connection with the offer, sale or issuance of any security of

2  Debtor;

3        5.     are not and were not, within two years before the date of the filing of

4  the petitions, directors, officers, or employees of Debtor or of any investment

5  banker for any security of Debtor;

6        6.     do not represent an individual or entity with an interest adverse to the

7  Estate;

8        7.     are not related to the United States Trustee or to a bankruptcy judge

9  in the Central District of California;

10        8.     are disinterested within the meaning of 11 U.S.C. §§ 327(a) and

11  101(14);

12        9.     do not have any fee sharing arrangement, understanding or

13  compensation sharing arrangement with any other entity, except for the customary

14  division of the commission from the sale of a property between the listing broker

15  and the selling broker, as provided in the Listing Agreement; and

16        10.    will not receive a retainer in this case.

17

18  **IV.**    **CONCLUSION**

19      The Trustee believes that the employment of the Broker and the Agent on the

20  terms and conditions provided herein is in the best interests of the Trustee and the Estate.

21      **WHEREFORE,** the Trustee prays that the Court enter an order:

22  1.    Approving the Application;

23  2.    Authorizing the Trustee to employ the Broker and the Agent, as an expense

24  of the Estate, to market and sell the Estate's interest in the Property upon the terms and

25  conditions set forth herein and in the Listing Agreement, and authorizing the Trustee to

26  execute the Listing Agreement attached hereto and any and all other ancillary documents

27  necessary to list the Property for sale; and

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1       3.    Allowing the Agent an administrative claim in the case of up to $5,000, which

2   can be paid through escrow from the proceeds of sale of the Property.

3

4                       Respectfully submitted,

5   Dated:  April 2, 2019             WEILAND GOLDEN GOODRICH LLP

6

7                       By:  */s/ Reem J. Bello*
                           REEM J. BELLO

8                              RYAN W. BEALL
                           Attorneys for Chapter 7 Trustee Jeffrey
                           I. Golden

9

10  Dated: April 2, 2019

11                           JEFFREY I. GOLDEN
                         Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1208427.1                       6                        EMPLOYMENT APPLICATION

## DECLARATION OF JEFFREY I. GOLDEN[2]

I, Jeffrey I. Golden, declare:

1.      I am a panel trustee, the duly appointed chapter 7 trustee for the bankruptcy estate of Tim M. McKenna, and a partner of Weiland Golden Goodrich LLP.  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am submitting this Declaration in support of the *Application of the Chapter 7 Trustee to: (1) Employ Real Estate Broker (Coldwell Banker Residential Brokerage) and Agent Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and 328; and (2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses* (the "Application").

2.      According to the proceedings docket, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on September 27, 2018, in the United States Bankruptcy Court, Central District of California, Case No. 8:18-bk-13588-SC.  On the same day, I was appointed chapter 7 trustee.  Debtor filed his schedules of assets and liabilities on October 26, 2018.

3.      Debtor scheduled his interest in the real property located at 1059 S. Summer Breeze Lane, Anaheim, California (the "Property"), and $1,640,520 in liens against the Property.  One of the creditors with a lien on the Property is also holding $390,000.00 in escrow that may be used to offset its lien against the Property.  Based on such information, I believe there may be equity in the Property.

4.      I intend the sell the Estate's interest in the Property upon further court order to pay claims of creditors and expenses of administration, and seek the Court's authorization to employ the Broker and the Agent to advertise the Property, to market and show the Property, to represent the Estate in connection with the sale of the Property, and to advise me with respect to obtaining the best offer for the sale of the Property.

---

[2] All capitalized terms have the same meaning or definition as the capitalized terms in the Application.

WEILAND Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

5.      I shall have the right to sell the Property to anyone who, prior to the date of entering into the Listing Agreement, has expressed an interest in purchasing the Property, and the Broker shall not be entitled to a commission on such a sale.

6.      The Agent has been informed and understands that no sale may be consummated until after notice and a hearing.  Further, the Agent is aware of the provisions of 11 U.S.C. § 328(a) and understands and accepts that, notwithstanding the terms and conditions of employment and compensation provided in the Listing Agreement, the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

7.      The Agent has advised me that in order to enhance marketability, the Improvements will need to be made before the Property can be photographed and shown. Due to the lack of funds in the Estate, the Agent is willing to undertake and advance the cost of these Improvements, up to a total of $5,000.  Therefore, I propose that the Agent be allowed an administrative claim in the case of up to $5,000 for the Improvements, which can be paid through escrow from the proceeds of sale of the Property.  I am informed by my broker that the fair market value of the Property will be approximately $1,299,000 after the Improvements have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of April, 2019, at Costa Mesa, California.

_____
Jeffrey I. Golden

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

2

3

### DECLARATION OF CLARENCE YOSHIKANE[3]

I, Clarence Yoshikane, declare:

1.     I am a real estate agent licensed in the State of California.  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am an agent of Coldwell Banker Residential Brokerage located at 3377 Via Lido, Newport Beach, California 92663.  I am submitting this Declaration in support of the *Application of the Chapter 7 Trustee to:  (1) Employ Real Estate Broker (Coldwell Banker Residential Brokerage) and Agent Clarence Yoshikane Pursuant to 11 U.S.C. §§ 327 and 328; and (2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses* (the "Application").

2.     The Broker and I are qualified to represent the Trustee and the Estate in connection with the marketing and sale of the Estate's interest in the Property.  A true and correct copy of the Listing Agreement is attached as Exhibit "1."  A true and correct copy of my profile is attached as Exhibit "2."

3.     On behalf of the Broker, I have agreed to accept employment on the terms and conditions set forth in the Application.  The total commission for the Property is five percent (5%).  The commission will be shared with the buyer's broker and will be paid from the sale proceeds through escrow.

4.     I have inspected the Property and have advised the Trustee that in order to enhance the Property's marketability, appliances need to be reinstalled and the Property needs to be cleaned prior to being photographed and shown.  Due to the lack of funds in the Estate, I am willing to undertake and advance the cost of such improvements, up to $5,000, on condition that I be allowed an administrative claim in the case.  Upon completion of the Improvements, I will submit my out-of-pocket expenses to the Trustee for review and approval.

---

[3] All capitalized terms have the same meaning or definition as the capitalized terms in the Application.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1208427.1

EMPLOYMENT APPLICATION

5. I am employed by the Trustee in other unrelated cases.

6. To the best of my knowledge, except as provided above, the Broker and I:

a. have no connection with Debtor, Debtor's principal, insiders, creditors, the Trustee, any other party or parties in interest, their respective attorneys and accountants, or any person employed in the Office of the United States Trustee;

b. are not creditors, equity security holders or insiders of Debtor;

c. are not investment bankers for any outstanding security of Debtor;

d. have not been, within three (3) years before the date of the filing of the petition herein, investment bankers for a security of Debtor, or attorneys for such an investment banker in connection with the offer, sale or issuance of any security of Debtor;

e. are not and were not, within two (2) years before the date of the filing of the petition herein, directors, officers or employees of Debtor or of any investment banker for any security of Debtor;

f. do not represent an individual or entity which holds an interest adverse to the Estate;

g. are not related to the United States Trustee or to a bankruptcy judge in the Central District of California;

h. are disinterested within the meaning of 11 U.S.C. §§ 327(a) 101(14);

i. have no fee sharing arrangement, understanding or compensation sharing arrangement with any other entity, except for the customary division of the commission from the sale of a property between the listing broker and the selling broker, as provided in the Listing Agreement; and

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1          j.      will not receive a retainer in this case.

2      I declare under penalty of perjury that the foregoing is true and correct.

3      Executed on this ___19___ day of March, 2019, at Newport Beach, California.

4

5

6                                                    Clarence Yoshikane

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Welland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

1059 S Summer Breeze Ln, Anaheim, CA 92808-2524



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## DISCLOSURE REGARDING
## REAL ESTATE AGENCY RELATIONSHIP
(Listing Firm to Seller)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 12/14)

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code section 2079.13(k) and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
    (a)Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b)A duty of honest and fair dealing and good faith.
    (c)A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**
A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
    (a)Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b)A duty of honest and fair dealing and good faith.
    (c)A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**
A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a)A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
    (b)Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

Case No. 8:18-bk-13588-SC

APN: 354-401-16

☐ Buyer ☒ Seller ☐ Landlord ☐ Tenant _____ Date **3-13-19**
    Jeffrey I. Golden, Ch 7 Trustee for the Estate of: Tim M. McKenna

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date _____

Agent __Coldwell Banker Residential Brokerage_____ BRE Lic. # _____
    Real Estate Broker (Firm)
By _____ BRE Lic. # __00801398_____ Date __March 11, 2019__
    (Salesperson or Broker-Associate)  *Clarence Yoshikane*

| Agency Disclosure Compliance (Civil Code §2079.14): |
| --- |
| • When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have an AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant. |
| • When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here: |
|     **(SELLER/LANDLORD: DO NOT SIGN HERE)**    **(SELLER/LANDLORD: DO NOT SIGN HERE)** |
| Seller/Landlord _____ Date _____    Seller/Landlord _____ Date _____ |

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

| Reviewed by | Date _____ |
| --- | --- |



**AD REVISED 12/14 (PAGE 1 OF 2)**

## DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

HOM / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660    Phone: (714) 606-5765    Fax:    Generic Transfer
CLARENCE YOSHIKANE    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

**EXHIBIT 1    PAGE 12**

## CIVIL CODE SECTIONS 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings: (a) "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. (b) "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. (c) "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. (d) "Commercial real property" means all real property in the state, except single-family residential real property, dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, mobilehomes, as defined in Section 798.3, or recreational vehicles, as defined in Section 799.29. (e) "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. (f) "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. (g) "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. (h) "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. (i) "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. (j) "Offer to purchase" means a written contract executed by a buyer acting through a selling agent that becomes the contract for the sale of the real property upon acceptance by the seller. (k) "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property that constitutes or is improved with one to four dwelling units, any commercial real property, any leasehold in these types of property exceeding one year's duration, and mobilehomes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. (l) "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. (m) "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. (n) "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. (o) "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. (p) "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: (a) The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. (b) The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the listing agent had previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). (c) Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. (d) The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17** (a) As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. (b) As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller. (c) The confirmation required by subdivisions (a) and (b) shall be in the following form.

| (DO NOT COMPLETE. SAMPLE ONLY) | is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller. |
| (Name of Listing Agent) | |
| (DO NOT COMPLETE. SAMPLE ONLY) | is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or |
| (Name of Selling Agent if not the same as the Listing Agent) | ☐ both the buyer and seller. |

(d) The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.





Published and Distributed by:
**REAL ESTATE BUSINESS SERVICES, INC.**
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| | Reviewed by _____ Date _____ | |

AD REVISED 12/14 (PAGE 2 OF 2)

## DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Generic Transfer

EXHIBIT 1    PAGE 13



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

**POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER
OR SELLER - DISCLOSURE AND CONSENT**
(C.A.R. Form PRBS, 11/14)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual broker's or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: (a) Broker, without the prior written consent of the Buyer, will not disclose to seller that the Buyer is willing to pay a price greater than the offered price; (b) Broker, without the prior written consent of the seller, will not disclose to the buyer that seller is willing to sell property at a price less than the listing price; and (c) other than as set forth in (a) and (b) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

**Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller - Disclosure and Consent and agrees to the agency possibilities disclosed.**

| | | |
|---|---|---|
| Seller _____ Jeffrey I. Golden, Ch 7 Trustee | Date 3-13-19 | |
| Seller _____ | Date _____ | |
| Buyer _____ | Date _____ | |
| Buyer _____ | Date _____ | |
| Real Estate Broker (Firm) __Coldwell Banker Residential Brokerage__ CalBRE Lic # _____ | Date 3/11/19 | |
| By _____ CalBRE Lic # _00801398_ | Date March 11 2019 | |
| Clarence Yoshikane | | |
| Real Estate Broker (Firm) _____ CalBRE Lic # _____ | Date _____ | |
| By _____ CalBRE Lic # _____ | Date _____ | |

© 2014, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by _____ Date _____ |
|---|

**PRBS 11/14 (PAGE 1 OF 1)**
**POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 1 OF 1)**

HOM / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660     Phone: (714) 606-5765     Fax:     Generic Transfer
CLARENCE YOSHIKANE     Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026     www.zipLogix.com

EXHIBIT 1     PAGE 14

**CALIFORNIA ASSOCIATION OF REALTORS®**

## RESIDENTIAL LISTING AGREEMENT
### (Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 6/17)

Date Prepared: March 11, 2019

**1. EXCLUSIVE RIGHT TO SELL:** ___Jeffrey I. Golden, Ch 7 Trustee___ ("Seller")
hereby employs and grants ___Coldwell Banker Residential Brokerage___ ("Broker")
beginning (date) ___March 11, 2019___ and ending at 11:59 P.M. on (date) ___September 11, 2019___ ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as ___ 1059 S. Summer Breeze Lane
___, situated in ___Anaheim___ (City),
___Orange___ (County), California, ___92808-2524___ (Zip Code), Assessor's Parcel No. ___354-401-16___ ("Property").
☐ This Property is a manufactured (mobile) home. See addendum for additional terms.
☐ This Property is being sold as part of a probate, conservatorship or guardianship. See addendum for additional terms.
**Case No. 8:18-bk-13588-SC      APN: 354-401-16**

**2. LISTING PRICE AND TERMS:**
    **A.** The listing price shall be: ___One MillionTwo Hundred Ninety-Nine Thousand Nine Hundred___
                            Dollars ($ ___1,299,900___ ).
    **B.** Listing Terms: ___

**3. COMPENSATION TO BROKER:**
Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).
    **A.** Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ _5.00_ percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ ___
        AND ___, as follows:
        (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
    OR (2) If within ___ calendar days (a) after the end of the Listing Period or any extension, or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 3A(2) unless, not later than the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.
    OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
    **B.** If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
    **C.** In addition, Seller agrees to pay Broker: ___
    **D.** Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
        (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in 3A, either ☒ _2.50_ percent of the purchase price, or ☐ $ ___.
        (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
    **E.** Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.
    **F.** (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: ___
        (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities: ___
        (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

Seller's Initials ( ___ ) ( ___ )

© 2017, California Association of REALTORS®, Inc.
**RLA REVISED 6/17 (PAGE 1 OF 5)**
**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)**

HOM / Sotheby's International Realty, 1200 Newport Center Drive, Suite 100 Newport Beach CA 92660    Phone: (714) 606-5765    Fax:    Generic Transfer
CLARENCE YOSHIKANE    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

EXHIBIT 1    PAGE 15

Property Address: _____ 1059 S Summer Breeze Ln, Anaheim, CA 92808-2524 _____ Date: March 11, 2019

**4. A. ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
ADDITIONAL ITEMS EXCLUDED: _____
ADDITIONAL ITEMS INCLUDED: _____.
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B. (1) Leased Or Not Owned Items:** The following items are leased or not owned by Seller:
☐ Solar power system   ☐ Alarm system   ☐ Propane tank   ☐ Water Softener
☐ Other _____
**(2) Liened Items:** The following items have been financed and a lien has been placed on the Property to secure payment:
☐ Solar power system   ☐ Windows or doors   ☐ Heating/Ventilation/Air conditioning system
☐ Other _____
Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

**5. MULTIPLE LISTING SERVICE:**

**A.** Broker is a participant/subscriber to _____ CRMLS _____ Multiple Listing Service (MLS) and possibly others. Unless otherwise instructed in writing the Property will be listed with the MLS(s) specified above. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. All terms of the transaction, including sales price and financing, if applicable, (i) will be provided to the MLS in which the property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS and (ii) may be provided to the MLS even if the Property was not listed with the MLS.

---

**BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS; PRESENTING ALL OFFERS**

**WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.

**EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS.

**CLOSED/PRIVATE LISTING CLUBS OR GROUPS:** Closed or private listing clubs or groups are not the same as the MLS. The MLS referred to above is accessible to all eligible real estate licensees and provides broad exposure for a listed property. Private or closed listing clubs or groups of licensees may have been formed outside the MLS. Private or closed listing clubs or groups are accessible to a more limited number of licensees and generally offer less exposure for listed property. Whether listing property through a closed, private network - and excluding it from the MLS - is advantageous or disadvantageous to a seller, and why, should be discussed with the agent taking the Seller's listing.

**NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

**OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: (a) real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; (b) information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings; (c) real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.

**REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.

**PRESENTING ALL OFFERS:** Seller understands that Broker must present all offers received for Seller's Property unless Seller gives Broker written instructions to the contrary.

Seller's Initials (_____ X _____)     Broker's/Agent's Initials (_____ X _____)

Seller's Initials

**RLA REVISED 6/17 (PAGE 2 OF 5)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 5)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          Generic Transfer

---

EXHIBIT 1    PAGE 16

Property Address: ...., ...., 1059 S Summer Breeze Ln, Anaheim, CA 92808-2524 _____ Date: March 11, 2019

**B.** MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 2 days or some other period of time after all necessary signatures have been obtained on the listing agreement. Broker will not have to submit this listing to the MLS if, within that time, Broker submits to the MLS an appropriate form signed by Seller.
☐ Seller elects to exclude the Property from the MLS as provided by C.A.R. Form SELM or the local equivalent form.

**C.** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Seller acknowledges that for any of the below opt-out instructions to be effective, Seller must make them on a separate instruction to Broker signed by Seller. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

**(1) Property Availability On The MLS; Address On the MLS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet. Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

**(2) Feature Opt-Outs:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below. Seller understands (i) that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; (ii) that other Internet sites may or may not have the features set forth herein; and (iii) that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.

**(a) Comments And Reviews:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

**(b) Automated Estimate Of Value:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display. ☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~6. SELLER REPRESENTATIONS: Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**7. BROKER'S AND SELLER'S DUTIES:**

**A.** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to (i) order reports and disclosures including those specified in 7C as necessary, (ii) advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and (iii) disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

**B.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

**C.** Investigations and Reports: Seller agrees, within 5 (or ___) Days of the beginning date of this Agreement, to pay for the following pre-sale reports: ☐ Structural Pest Control ☐ General Property Inspection ☐ Homeowners Association Documents ☐ Other _____

~~D. Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

**8. DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**9. AGENCY RELATIONSHIPS:**

**A. Disclosure:** The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

**B. Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.

**C. Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: (i) Broker, without the prior written consent of Seller, will not disclose to Buyer that Seller is willing to sell the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Seller that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**D. Confirmation:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

Seller's Initials (____) (____)

**RLA REVISED 6/17 (PAGE 3 OF 5)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com    Generic Transfer

EXHIBIT 1    PAGE 17

Property Address: ...., ...., 1059 S Summer Breeze Ln, Anaheim, CA 92808-2524 _____ Date: March 11, 2019

**E. Potentially Competing Sellers and Buyers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**10. SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

**11. PHOTOGRAPHS AND INTERNET ADVERTISING:**

**A.** In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or ☐ if checked, does not agree) that Broker may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Broker acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker and agrees that such Images are the property of Broker and that Broker may use such Images for advertising, including post sale and for Broker's business in the future.

**B.** Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked ) ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

**12. KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

**13. SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

**14. EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

**15. ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

**16. ADDITIONAL TERMS:** ☐ REO Advisory Listing (C.A.R. Form REOL) ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) ☐ Trust Advisory (C.A.R. Form TA)

PROPERTY TO BE SOLD IN "AS IS", "WHERE IS" CONDITION WITH ALL FAULTS AND WITHOUT ANY WARRANTIES, EXPRESSED OR IMPLIED. PEST CONTROL/TERMITE INSPECTION REPORT AND ANY CORRECTIVE WORK WILL NOT BE PROVIDED, COMPLETED BY NOR PAID FOR BY SELLER. TRUSTEE'S ADDENDUM TO EXCLUSIVE AND RIGHT TO SELL IS INCORPORATED HEREIN IN ITS ENTIRETY.

**17. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days After its execution.

**18. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

**19. DISPUTE RESOLUTION:**

**A. MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 19B.

Seller's Initials ( _____ ) ( _____ )

RLA REVISED 6/17 (PAGE 4 OF 5)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 4 OF 5)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          Generic Transfer

EXHIBIT 1   PAGE 18

Property Address: ...... ...., 1059 S Summer Breeze Ln, Anaheim, CA 92808-2524 _____ Date: _March 11, 2019_

    **B. ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.

    **C. ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).

**20. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

**21. OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows:_____

☐ **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller (i) represents that the entity for which the individual is signing already exists and (ii) shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Case No. 8:18-bk-13588-SC        APN: 354-401-16

Seller _____   Date 3-13-19
    Jeffrey I. Golden, Ch 7 Trustee for the Estate of: Tim M. McKenna

Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____ Date _____

Seller _____ Date _____

Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) _Coldwell Banker Residential Brokerage_ CalBRE Lic. # _____
Address _3377 Via Lido_ City _Newport Beach_ State _CA_ Zip _92663_
By _____ Tel. 714.606.5765 E-mail Clarence.Yoshikane@gmail.com CalBRE Lic.#00801398 Date March 11, 2019
   Clarence Yoshikane
By _____ Tel. _____ E-mail _____ CalBRE Lic.#_____ Date 3/11/19

☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 1991-2017, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

RLA REVISED 6/17 (PAGE 5 OF 5)

**RESIDENTIAL LISTING AGREEMENT -EXCLUSIVE (RLA PAGE 5 OF 5)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    Generic Transfer

# ADDENDUM TO
# EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL

This Addendum to Exclusive Authorization and Right to Sell Agreement ("Agreement") is entered into by and between **Clarence Yoshikane and Coldwell Banker Residential Brokerage** (hereinafter "Agent") and **Jeffrey I. Golden, as Chapter 7 Trustee for the Estate of:  Tim M. McKenna 8:18-bk-13588-SC** , pursuant to the following terms and conditions:

## RECITALS

WHEREAS:  **Tim M. McKenna** ("Debtor") filed a Voluntary Petition under Chapter 7 of Title 11, United States Bankruptcy Code, on September 27, 2018, initiating **Case No. 8:18-bk-13588-SC**, in the United States Bankruptcy Court, Central District of California.

WHEREAS:  As a result of the filing, **Jeffrey I. Golden** was appointed as Chapter 7 Trustee and is now the representative of the Estate charged with the disposition of property of the Estate.

In reference to the residential real property (the "Property") located at 1059 S Summer Breeze Ln, Anaheim, CA 92808-2524 (APN: 354-401-16):

The undersigned hereby agree to this addendum as follows:

1.    The parties acknowledge that this listing agreement and any agreement relating to the Property is not binding (including the entering into of a purchase agreement) until Bankruptcy Court approval.  The parties acknowledge that the Bankruptcy Court may after approval of this agreement later reduce commissions agreed to.

2.    Agent agrees to extensively market the Property through internet real estate websites and multiple listing services.

3.    The Trustee shall have the right to sell the Property to anyone who, prior to the date of entering into this agreement, has expressed an interest in purchasing the Property, and Agent shall not be entitled to a commission on such a sale.

4.    The Trustee shall further have the right at any time to sell the estate's interest in the Property to the Debtor, **Tim M. McKenna**.

5.    A commission is not earned until court approval of a purchase agreement is obtained and escrow is closed.

6.    All disputes between Agent and Trustee or regarding sale of the Property shall be resolved in the U.S. Bankruptcy Court, Central District of California, Santa Ana Division.

7.    There shall be no claim by Agent for damages of any kind against **Jeffrey I. Golden**, or



EXHIBIT 1    PAGE 20

against the **Law Offices of WEILAND GOLDEN GOODRICH LLP**. Any claim for damages by Agent as it relates to the listing or sale herein shall only be against the Bankruptcy Estate of <u>**Tim M. McKenna**</u>.

8.  Agent agrees that any previous listing agreements with regard to this Property is Null & Void.

The within agreement, upon its execution of both parties, is herewith made an integral part of the employment of Agent relating to the Properties herein and the aforementioned Agreement of Sale.

**DATED:**    February 11, 2019

**AGENT:**    _____
        Clarence Yoshikane, Trustee's Agent
        clarence.yoshikane@gmail.com

**DATED:**  _____, 2019

**BANKRUPTCY TRUSTEE:**        ___/s/ Jeffrey I. Golden_____
                    Jeffrey I. Golden,
                    **Chapter 7 Trustee for the Estate of:**
                    <u>Tim M. McKenna</u>
                    **and not in his individual capacity or as a member
                    of the Law Offices of WEILAND GOLDEN
                    GOODRICH LLP**

EXHIBIT 1    PAGE 21

# EXHIBIT 2

**Real Estate Sales Executive**
**Asset Management**
**Bankruptcy Specialist**
**CA BRE License # 00801398**
**714.606.5765, Direct Line**

# Clarence Yoshikane

**Experience**         **Residential & Commercial Real Estate Sales**

**December 6, 2018 to Present**
**Coldwell Banker Real Estate**
**Servicing California (Nationwide & International Network)**

**April 1, 2018 to December 5, 2018**
**Pacific Sotheby's International Realty (Formerly HOM / Sotheby's International Realty)**
**Servicing California (Nationwide & International Network)**

**September 12, 2016 through March 31, 2018**
**HOM / Sotheby's International Realty**

**Servicing California (Nationwide & International Network)**

**Fall 2013 through September 11, 2016**
**BHHS / Berkshire Hathaway HomeServices California Properties (Formerly Pru CA Realty)**
**Servicing California (Nationwide Network)**

**1989 through Fall 2013**
**Prudential California Realty**
**Servicing California (Nationwide Network)**

**1980 through 1989**
**Merrill Lynch Realty**

EXHIBIT 2   PAGE 22

**US Bankruptcy Court, State Court Receivership, & Probate and Short Sale Specialist**

**Orange, Los Angeles, Riverside, San Bernardino & San Diego Counties**

**Expert Handling of Occupied, Vacant & Tenant Occupied Properties Licensed in California since 1980**

**Consistently Top Producer – Top 5% of Agents in Company**

**Assessed damages, obtained bids for repairs, Listed & Sold – US Bankruptcy Court, State Court Receivership, Probate Court, REO, Bank Owned & Corporate Owned Properties**

**Developed, Owned & Managed – owner & non-owner occupied properties in Orange & Los Angeles Counties**

| | |
|---|---|
| **Professional Associations** | **Newport Beach Association of Realtors (NBAOR)**<br>**California Regional Multiple Listing Service (CRMLS)**<br>**National Association of Realtors**<br>**California Association of Realtors** |

--

**Clarence Yoshikane**
**Sales Executive**

**Asset Management**
**Bankruptcy Specialist**

**CA BRE License # 00801398**

**Coldwell Banker Real Estate**

**3377 Via Lido, Newport Beach**

**714.606.5765, Direct Line**

**clarence.yoshikane@gmail.com**

**www.Yoshikane-Toyama.com**

EXHIBIT 2     PAGE 23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Application of the Chapter 7 Trustee for Authorization</u>
<u>to: (1) Employ Real Estate Broker (Coldwell Banker Residential Brokerage) and Agent Clarence Yoshikane Pursuant to</u>
<u>11 U.S.C. §§ 327 and 328; and (2) Allow Agent an Administrative Claim for Out-of-Pocket Expenses; Declarations of</u>
<u>Jeffrey I. Golden and Clarence Yoshikane in Support</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>April 3, 2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>April 3, 2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

Tim M. McKenna
61 Stetson
Irvine, CA 92602-1828

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>April 3, 2019</u>, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**Served by Personal Delivery**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/3/2019 | Victoria Rosales | *victoria* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com

Reem J Bello    rbello@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com

Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Victoria@MarguliesFaithlaw.com

Daniel K Fujimoto    wdk@wolffirm.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com

D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com

Kenneth Hennesay    khennesay@allenmatkins.com, ncampos@allenmatkins.com

Leslie K Kaufman    kaufman_kaufman.bankruptcy@yahoo.com

Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com

Noreen A Madoyan    Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com

Tinho Mang    tmang@marshackhays.com, 8444806420@filings.docketbird.com

Michelle J Nelson    mjslaw@hotmail.com

Scott H Noskin    snoskin@mbnlawyers.com, aacosta@mbnlawyers.com

Mark D Poniatowski    ponlaw@ponlaw.com

Valerie Smith    claims@recoverycorp.com

Richard A Solomon    richard@sgswlaw.com

Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com

Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

Jennifer H Wang    jwang@cookseylaw.com, jwang@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**